**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MONTAY DESMOND HUMPHREY,<br>Plaintiff,<br>v.<br>CONOR P. DESMOND, *et al.*,<br>Defendants. | Civil Action No.<br>1:23-cv-00726-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss [ECF 10]. After careful consideration, the Court grants the motion and **DISMISSES** this case.

## I. Background

This case represents yet another attempt by Plaintiff Humphrey to avoid payment of his tax debt, a debt which he admitted to and agreed to repay. In 2019, Humphrey filed for chapter 7 bankruptcy.[1] Shortly thereafter, Humphrey filed an action against the United States in which he ultimately stipulated that his 2007-2013 and 2015 unpaid federal income tax liabilities were excluded from his bankruptcy discharge, and agreed to satisfy his non-dischargeable tax liabilities outside of the bankruptcy proceeding.[2]

---

1 *In re Humphrey*, Case No. 1:19-bk-062833 (Bankr. N.D. Ga.).

2 *Montay Desmond Humphrey v. United States Internal Revenue Serv.*, Case No. 1:19-ap-05319 (Bankr. N.D. Ga. Nov. 5, 2019), ECF 15, ¶¶ 5–7.

So, in November 2020, the United States filed a collection action against Humphrey seeking recovery of his unpaid federal income tax liabilities for tax years 2007 through 2012, and 2015.[3] In that case, the parties filed a *joint* motion for entry of judgment asking this Court to enter judgment against Humphrey in the amount of "$598,955.40 as of October 30, 2020, less payments, abatements and credits, plus interest and other statutory additions accruing thereafter from that date to the date of payment according to law."[4] The Court adopted and entered the consent judgment.[5] Humphrey eventually defaulted on his agreed payment obligations, so the government filed a motion for an installment payment order.[6] On January 25, 2023, the Court granted that motion and ordered that "Defendant shall make regular installment payments of $6,500 per month to be paid by the first day of the month by ACH debit to the United States."[7] On February 13, 2023, the Government asked this Court to hold Humphrey in contempt for his failure to pay as ordered.[8] The Court again directed him to make the installment payments

---

3 *United States v. Montay Desmond Humphrey*, Case No. 1:20-cv-4601-SDG (N.D. Ga.).

4 *Id.*, ECF 10, at 2.

5 *Id.*, ECF 11.

6 *Id.*, ECF 13.

7 *Id.*, ECF 15, at 1.

8 *Id.*, ECF 17.

of $6,500 per month and imposed a $50 per day sanction on Humphrey until he complied with the Court's directive.[9]

Humphrey filed this case on February 16, 2023, just three days after the Government asked this Court to hold Humphrey in contempt in the collection action. Humphrey claims to bring his case under the Sherman Act, alleging violations of antitrust laws, extortion, larceny, racketeering, security fraud, conspiracy, threat to kidnapping, defamation of character, modern day slavery, and human rights and indigenous rights violations.[10]

## II. Legal Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

9 *Id.*, ECF 34.

10 ECF 1.

A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## III. Discussion

This is a patently frivolous case against Defendants, over which this Court has no jurisdiction. Dismissal is warranted.[11]

### A. The United States is immune from suit under the Sherman Act.

The United States is generally immune from suit. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). Thus, the United States and its agencies can be sued only if they waive sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity

[11] Defendants also argue that dismissal is appropriate for insufficient service of process under Fed. R. Civ. P. 12(b)(5). Humphrey does not dispute that service was improper. The Court agrees that dismissal is warranted under Rule 12(b)(5) as well.

shields the Federal Government and its agencies from suit."). This immunity "also generally extends to the employees of those agencies sued in their official capacities."[12] *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal quotation marks and citations omitted) ("[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."). A waiver of immunity is a prerequisite to a federal court exercising jurisdiction over the United States. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

There is no claim or cause of action in the complaint that could plausibly confer jurisdiction in this case. First, Humphrey claims to bring this suit under the Sherman Act. The Court is unaware of any legislative or judicial authority waiving the United States' immunity to suit under the Sherman Act. *O'Brien v. United States*, 18 F. Supp. 2d 1356, 1360 (N.D. Ga. 1998) (citing *Sea–Land Serv., Inc. v. The Alaska R.R.*, 659 F.2d 243, 245 (D.C. Cir. 1981) ("[T]he United States has not waived

---

[12] There is nothing in the complaint that suggests any of the individually named Defendants were acting in their individual capacities. The Court will thus construe all claims against them as official capacity claims. Accordingly, the suit against any individual here is, in effect, a suit against the United States.

its sovereign immunity from . . . antitrust . . . suits."). And to the extent Humphrey attempts to bring claims under any other treaty, the Court finds no waiver of sovereign immunity that would confer jurisdiction in this case.

**B. Humphrey's allegations fail to state a claim for relief.**

Even assuming the Court had jurisdiction over this case, it would nonetheless dismiss it under Rule 12(b)(6), as Humphrey has failed to state a claim. The Court recognizes Humphrey is appearing *pro se*. Thus, it must construe the complaint leniently, and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even a *pro se* plaintiff must comply with the applicable law and the Court's rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Humphrey is attempting to proceed under a sovereign citizen-type theory. Sovereign citizens "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Humphrey alleges that the United States claims his "U.S. person owes a tax, but are trying to charge [him] for that tax."[13] And in his

---

13 ECF 1.

response to the Government's motion, Humphrey asks that this Court first address his "status."[14] As best the Court can ascertain, Humphrey essentially alleges that he is not a citizen of the United States, but rather a Moorish sovereign citizen.

Courts routinely, summarily, and firmly reject sovereign citizen theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011)) ("[Sovereign citizen] theories should be rejected summarily, however they are presented."). The Court has closely reviewed Humphrey's allegations and concludes that they most certainly fit the bill of sovereign citizen-type theories and fail to state a claim. In other words, dismissal of this action would be warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen theories even if Humphrey brought this suit against a viable defendant, which he has not. For this reason, too, the Court dismisses the case.

---

14 ECF 10, at 1.

## IV. Conclusion

The Government's motion to dismiss [ECF 10] is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 27th day of March, 2024.

Steven D. Grimberg
United States District Judge